MEMORANDUM *
Yanko Hristov Dimitrov, a citizen of Bulgaria, appeals the denial by the Board of Immigration Appeals (the BIA) of his petition for asylum. We remand.
The parties are familiar with the facts. We proceed to issues of law. First, the BIA erred in its credibility determination by treating as central to Dimitrov’s claims the evidence of his ethnicity as a Gypsy. What is central is the persecutor’s belief as to the status of the persecutor’s victim. In deciding whether anyone has a well-founded fear of persecution or is in danger of losing life or liberty because of [protected ground], one must continue to look at the person from the perspective of the persecutor. Lazo-Majano v. INS, 813 F.2d 1432, 1435 (9th Cir.1987), overruled as to a subordinate point of evidence by Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996). Nothing impugned Dimitrov’s story that he was beaten by police who characterized him as a Gypsy. He pursued a scavenger’s trade characteristic of a class at the bottom of society, analogous to that of untouchables. He did what Gypsies did and when he stepped beyond their bounds, he was threatened, jailed and beaten as a Gypsy.
The dissent would affirm the BIA’s finding that Dimitrov’s story is “implausible” because Dimitrov does not speak the Roma language. The evidence that many Roma children enter school lacking proficiency in Bulgarian, found in the in the U.S. Department of State, Country Report, is not sufficient to support a finding that Dimitrov was lying. Evidence that some Bulgarian Gypsies speak Roma does not contract Dimitrov’s testimony that some do not. The Country Report also states that “Romani children and ethnic Bulgarian children generally attended separate schools.” Dimitrov testified that his parents avoided speaking the Roma language with him at home and sent him to a Bulgarian school, rather than a school with other Roma children.
We may take judicial notice of public undisputed facts. Singh v. Ashcroft, 393 F.3d 903, 905 (9th Cir.2004) (taking notice of an article in the Encyclopedia Britannica). As the Britannica Book of the Year (2006) reports in an article entitled “The Roma—Europe’s Largest Minority,” the Communist regimes in Eastern Europe “suppressed the use of the Romani language.” At the beginning of the present century, one Gypsy in five did not speak Roma in Bulgaria. See Peter Bakker, “Romani in Europe,” The Other Languages of Europe (ed. Clevedon, 2001).
The BIA also erred in doubting his account of his condition after the beating. The differences between the medical certificate reporting his condition and his testimony did not consist in contradictions but in emphasis, phrasing or degree of severity. The certificate said he had “crippling of movement from the waist down.” That diagnosis is not inconsistent with his testi *203 mony that, with a sense of necessity, he walked with difficulty, taking “a long time,” two kilometers to reach refuge in his parents’ home. The certificate spoke of “visible fractures in the face ... with fractural damage in the nasal area.” Dimitrov testified that the police “hit my nose” but that “he did not tell me anything about a broken nose.” The difference between a broken and a battered nose does not go to the heart of his claim, especially when it is his testimony that diminishes the injury.
The BIA’s characterization of Dimitrov’s testimony as “vague” is an inappropriate description of his detailed narrative. The BIA’s treatment of the term “robbed” used by Dimitrov in his airport interview is woodenly univocal. “Robbed” in common parlance covers every outrage from being scammed to having one’s favorite sports team the victim of bad umpiring. A remand is in order.
The CAT claim fell with the asylum claim and so, too, requires remand.
There was no violation of Dimitrov’s right to due process. The translation was his own lawyer’s responsibility.
The motion to reopen was late. That decision is mooted by our conclusion here.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.